IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 16-CV-1191-MSK-MJW

WAK INC., d/b/a Marrakech Café,

    Plaintiff,

v.

OHIO SECURITY INSURANCE CO.,

    Defendant.

## ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court *sua sponte*. As it always does, the Court is required to determine whether it has jurisdiction over the lawsuit. The Court has significant concerns in that regard. For the reasons that follow, the parties are ordered to show cause as to why this suit should not be dismissed for lack of jurisdiction.

### I. BACKGROUND

This is a hail damage case. Plaintiff Wak Inc. is the owner of commercial property located in Denver, Colorado. At all times relevant to this lawsuit, it was insured by a businessowner's insurance policy (Policy) issued by Liberty Mutual Insurance and underwritten by Defendant Ohio Security Insurance Co. Though no copy of the Policy has been submitted to the Court, it is clear from the parties' pleadings that the Policy contains a provision allowing for independent appraisal of the insured property or amount of loss in the case that such loss amount was in dispute by the parties. In many instances, appraisal is a mandatory condition precedent if

1

invoked by either of the parties (though, of course, the parties are free *not* to invoke it if they both so elect).

In May 2014, Wak's property apparently suffered damage from a hail storm. Wak submitted a claim to Ohio Security for that damage under the Policy. According to Wak's Amended Complaint (# 17), Ohio Security subsequently denied the claim. Wak then brought this suit, asserting the following causes of action: (1) breach of contract based on denial of the claim, (2) breach of the implied covenant of good faith and fair dealing based on denial of the claim and forcing Wak to submit to the appraisal process, and (3) a violation of C.R.S. §§ 10-3-1115, 1116 based on improper denial of the claim. Notwithstanding the apparent claim denial, the parties jointly moved to administratively close the case while they participated in the appraisal process (# 19). Wak later moved to reopen the case (# 22), stating that the appraisal process was completed. The Court granted both motions.

## II. DISCUSSION

As noted above, the Court has significant doubt that jurisdiction exists for the claims asserted in this case, and now orders the parties to show cause as to why the case should not be dismissed for lack of jurisdiction.

### A. Jurisdiction and Standing

Starting with the obvious, federal courts are courts of limited jurisdiction that possess only the authority given to them by the United States Constitution and federal statutes.[1] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Article III of the Constitution restricts the authority of federal courts to adjudicating actual "cases" and

---

[1] This is in contrast to state courts. Typically courts of general jurisdiction, state courts are presumed to have the power to hear virtually any claim arising under federal or state law, except those which Congress or the United States Constitution specifies can be heard only by federal courts.

"controversies." U.S. Const. art. III, § 2, cl. 1; *Sprint Commc'ns Co. v. APCC Servs. Inc.*, 554 U.S. 269 (2008). A case or controversy can only be brought by a person with standing to sue.

Unlike doctrines that restrain federal courts from exercising jurisdiction based on the characteristics of the claims themselves (*e.g.*, doctrines of abstention or grants of exclusive jurisdiction), the question of standing focuses on the party who seeks relief, rather than on the issues that he or she wants adjudicated. *See Flast v. Cohen*, 392 U.S. 83, 95 (1968). A plaintiff must demonstrate standing for each claim.

For each claim or type of relief sought, a plaintiff must show that there it is a "case or controversy" at the time of filing of the lawsuit. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). Thus, for each claim, Wak must demonstrate that: (1) it has suffered an "injury in fact" that is concrete and particularized, and actual or imminent (not merely conjectural or hypothetical); (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by the relief requested. *Friends of the Earth Inc. v. Laidlaw Envtl. Servs. Inc.*, 528 U.S. 167, 180–81 (2000); *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir.2004); *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005). If Wak suffered some injury subsequent to the filing of the lawsuit, that does not convey standing.

**B. Wak's Claims**

In its Amended Complaint, Wak brings three claims, none of which appear to have been a "case or controversy" at the time the action was initiated. Though the Policy has not been submitted to the Court, it seems implausible that the appraisal provision would not be a condition precedent to the filing of suit. At the time that Wak filed its lawsuit, it asserted that Ohio Security had denied its claim, which would indeed create standing. But the Court is mystified as

to why the parties would engage in the appraisal process if the claim were denied. Rather, it appears more likely that Ohio Security did not deny the claim, but instead offered what Wak considered to be an inadequate amount to settle the claim. Thus, at the time the suit was initiated, there could be no cognizable dispute as to payment under the Policy or as to delay in such payment because the payment obligation had not yet arisen; indeed, the payment obligation could not arise until the appraisal process was completed and the claim was finally denied.[2] Wak seems to concede as much in its motion to reopen the case, in which it characterizes its claims as "now ripe for consideration due to the completion of the appraisal process." # 22 at 2. Without a payment obligation, an injury arising from non-payment or delay in payment was speculative. Put another way, at the time the Complaint was filed, Wak's claims that Ohio Security had breached the terms of the Policy by non-payment or had delayed in payment were premature.

It appears to the Court that since the appraisal process has been completed and any claim Wak had to compel appraisal is now moot,[3] the case should be dismissed. The parties are invited to show cause, either jointly or individually, as to why this action should not be dismissed for lack of jurisdiction within 14 days of this order. Either party will have an opportunity to respond to the arguments raised by the other party by submitting a response brief no later than 7 days

---

[2] Courts in Colorado and elsewhere have held that the parties to an insurance contract with an appraisal process as a condition precedent to bringing suit can waive their contractual appraisal rights. *See, e.g.*, *Laredo Landing Owners Ass'n, Inc. v. Sequoia Ins. Co.*, No. 14-cv-01454-RM-KMT, 2015 WL 3619205, at *2 (D. Colo. June 10, 2015); *Ins. Co. of N.A. v. Baker*, 268 P. 585, 586 (Colo. 1928). However, here, neither party *has* waived the appraisal provision. To the contrary, the parties have insisted on its performance.

[3] A claim is moot where a plaintiff loses his or her personal stake in the outcome of the litigation over that claim because of an intervening event. *EEOC v. CollegeAmerica Denver, Inc.*, 869 F.3d 1171, 1173 (10th Cir. 2017) (citing *Campbell-Ewald Co. v. Gomez*, 577 U.S. ----, 136 S. Ct. 663, 669 (2016)). In a situation where events occur that make it so that a plaintiff is no longer suffering any actual injury that redressable by a favorable judicial decision, the claim will be moot. *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015).

thereafter.  The parties should address whether the appraisal process, if invoked, is a condition precedent to claim settlement under the Policy.

Dated this 26th day of October, 2017.

BY THE COURT:

*Marcia S. Krieger*

Marcia S. Krieger
United States District Court